IN RE GUARDIANSHIP of the
Estate of STRICKLAND (now McKaughan)

CA 94-689                              902 S.W.2d 238

Court of Appeals of Arkansas
Division II
Opinion delivered June 7, 1995

*Michael P. Bradley*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *J. Michael Cogbill*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the order of the Sebastian County Probate Court denying appellant Rebecca

Strickland's (now McKaughan) petition to terminate the guardianship of her estate.

On April 26, 1977, appellant's father was appointed guardian of her estate because of her minority. The guardianship was established for the purpose of protecting appellant's inheritance on a wrongful death settlement in the amount of $52,373.92 from her mother's estate. Appellant's father died while she was still a minor and a successor guardian was appointed. Subsequently, appellant was adopted by her aunt and uncle, Darrel and Mary Little, and they were appointed successor guardians.

On November 17, 1993, appellant filed a petition to terminate the guardianship because she had attained her majority.

At a hearing held March 17, 1994, appellant testified that she was 23 years old, is married, and has two children. She testified she recently moved to Mena; that her husband is employed at Lyle Salvage and Used Cars; and that he pays the family expenses. She stated that she is not under any psychiatric care and that she is mentally and emotionally mature enough to handle her money. She has a high-school education and is now attending beauty college. The appellant testified that if the guardianship were terminated she would like to purchase a house and a Certificate of Deposit for each of her children.

Darrel Little, appellant's co-guardian, testified he could think of no reason why the guardianship should not be terminated; that she has never had a chance to handle her money; and that she should be capable of handling her own affairs.

Ellen Tarkington, Vice-President and Assistant Trust Officer of First National Bank, testified she has been managing appellant's account for the guardians. She testified the balance of the account is $24,423.13; that appellant gets $500 per month; and that there are some outstanding medical bills. Ms. Tarkington testified that based upon appellant's prior history, she did not think appellant has used the funds available to her to the best advantage.

At the conclusion of the hearing, the probate judge stated he was familiar with the case and the parties involved, appellant's circumstances through two marriages and two children by two different husbands, and appellant's abilities to manage affairs.

He stated that appellant is a young lady with no particular skills, married to a man who has moved from place to place and job to job who is not really supporting his family, and to turn the money over to her so it can be dissipated is not fair to her or to the children. The probate judge stated he did not think it was in appellant's best interest to terminate the guardianship and appointed First National Bank guardian of appellant's estate.

On March 29, 1994, the probate court entered an order which denied appellant's petition on the finding that:

> [D]ue to the Ward's lack of maturity and judgment, lack of business skills and experience, and inability to properly manage her affairs in the past, it is this Court's considered opinion that the Ward's guardianship should in her best interest and welfare, as well as that of her children, continue for the present in order to conserve, protect and preserve the Ward's Estate and take care of her special needs. That to do otherwise under her present circumstances would dissipate her small estate of approximately $24,000.00 in ways that are not in the Ward's best interest, and would not encourage her husband to adequately provide for his wife and family. And accordingly the First National Bank of Fort Smith, Arkansas, by and through its Trust Department, shall become Guardian in Succession of the Ward's Estate, to serve as such without bond, as being federally insured. [See A.C.A. 28-65-401(b)(1)].

Appellant argues the probate court's decision is not supported by substantial evidence. She says the guardianship was established due to her incapacity as a minor, that she is now 23 years old, and that she has no incapacity.

Arkansas Code Annotated § 28-65-401 (Supp. 1993) provides:

> (b) A guardianship may be terminated by court order after such notice as the court may require:

> (1) If the guardianship was solely because of the ward's minority, and either the ward attains his majority or the disability of minority of the ward is removed for all purposes by a court of competent jurisdiction. However, if the court finds upon a proper showing by substantial

competent evidence that it is in the best interest of the ward that the guardianship be continued after the ward reaches majority, the court may order the guardianship to continue until such time as it may be terminated by order of the court;

In probate cases, we review the proceedings de novo and reverse the probate judge's decision on factual matters only if they are clearly erroneous. *Marsh* v. *Hoff*, 15 Ark. App. 272, 692 S.W.2d 270 (1985).

Here, appellant has reached her majority. There is no evidence that she is mentally deficient, emotionally unstable, or suffers from any mental illness. She is a high-school graduate and attends beauty college. The purpose of the guardianship was to protect appellant's interests as a minor. She is now a competent adult and the mother of two children.

Reversed.

COOPER and PITTMAN, JJ., agree.